UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLLY MIRANDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 3079 |
| ) | |
| UNIVERSAL FINANCIAL GROUP, INC., ) | Judge Ruben Castillo |
| AEGIS MORTGAGE CORPORATION, ) | |
| WELLS FARGO HOME MORTGAGE, ) | |
| doing business as AMERICA'S ) | |
| SERVICING COMPANY, LEHMAN ) | |
| BROTHERS BANK, F.S.B., and DOES 1-5, ) | |
| ) | |
| Defendants.[1] ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Holly Miranda sued defendants Universal Financial Group, Inc ("Universal"); Aegis Mortgage Corporation ("Aegis"); Wells Fargo, doing business as America's Servicing Company (Aegis and Wells Fargo collectively, "the Assignee Defendants"); and Lehman Bros. (R. 39-1, Am. Compl. ¶¶ 4-10.) Miranda seeks the rescission of two loans as well as statutory damages for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (2000), and the regulations implementing TILA, set forth at 12 C.F.R. part 226 (2006), known collectively as Federal Reserve Board Regulation Z ("Regulation Z"). (R. 39-1, Am. Compl. ¶¶ 1, 13, 34-35.)

The Assignee Defendants each filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Miranda's pleadings are insufficient to support a

---

[1] In her initial complaint, Miranda named Norwest Mortgage, Inc. ("Norwest") as a defendant. (R. 1, Compl.) Miranda filed an amended complaint substituting Wells Fargo Home Mortgage ("Wells Fargo) for Norwest on October 11, 2006. (R. 39-1, Am. Compl.) In the amended complaint, Miranda also added Lehman Brothers Bank, F.S.B. ("Lehman Bros."), the current owner of the loans, as a defendant. (R. 39-1, Am. Compl.; R. 37-1, Pl.'s Mot. ¶ 2.)

claim for statutory damages against them and that Miranda's claim for rescission does not apply to them because they no longer own her loans. (R. 27, Aegis Mot. at 1; R. 43, Wells Fargo Mot. at 1.) Aegis filed its motion to dismiss prior to Miranda's submission of the amended complaint. However, we find Aegis's motion applies with equal force to the amended complaint (R. 39-1) because the amended complaint merely changed some of the named parties. (*See* R. 39-1, Am. Compl.; R. 37-1, Pl.'s Mot. ¶ 2.) Wells Fargo filed its motion to dismiss after the parties had fully briefed Aegis's motion. At a November 1, 2006 hearing, Wells Fargo asserted that its motion (R. 45) is nearly identical to Aegis's motion (R. 27), adopted Aegis's briefing (R. 28, 36), concurred with Miranda that the motion should be considered fully briefed, and agreed that the Court may resolve the two motions together. (R. 47, Minute Entry.) Therefore, we address both motions in the present opinion and treat them as one. For the reasons set forth below, the Court grants in part and denies in part the motions.

## BACKGROUND

Universal loaned Miranda a total of $263,000, secured by Miranda's home. (R. 39-1, Am. Compl. ¶¶ 13, 28.) Universal documented the transaction as two loans, one for $224,000 and the other for $39,000. (*Id.* ¶ 13.) The loans closed on November 5, 2005, and on the same day, Miranda signed to acknowledge the receipt of several financial disclosures. (*Id.* ¶ 14, Exs. A–J.) Miranda was initially directed to make payments to Aegis, which she alleges purchased the loans from Universal prior to the closing. (*Id.* ¶ 23, 25.) She most recently has been directed to send payments to Wells Fargo rather than Aegis. (*Id.* ¶ 23, 25.) She alleges that the Assignee Defendants "each claimed an interest in plaintiff's loans, including the right to receive payments thereunder, and are necessary parties." (*Id.* ¶ 24.) She also alleges that both of the Assignee Defendants previously owned the loans and that Lehman Bros. currently owns the loans. (R. 39-

2

1, Am. Compl. ¶ 25-27.)[2]

On April 24, 2006, Miranda sent a notice of rescission to Universal, Aegis, and Norwest, which she believed owned her loans at that time. (R. 39-1, Am. Compl., Ex. L.) In the letter accompanying the notice, she informed the recipients that she intended to file suit and that she was invoking her right to rescind the loans for noncompliance with TILA. (*Id.*) Miranda alleges that "[t]he loans have not been rescinded." (R. 39-1, Am. Compl. ¶ 33.)

Miranda filed suit on June 5, 2006, alleging that her creditor, Universal, failed to provide the financial disclosures required by TILA and Regulation Z and that she therefore has the right to rescind the loans. (*Id.* ¶¶ 29-25.) In addition to Universal, she names all present and past assignees as defendants. (*Id.* ¶¶ 24-26, 32.) In her prayer for relief, Miranda seeks rescission, statutory damages under TILA, attorney's fees, costs, and a judgment voiding the security interest on her home. (*Id.* ¶ 35.)

## MOTIONS TO DISMISS

### 1. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004). In considering a motion to dismiss, the Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *McMillan v.*

---

[2] In Paragraph 25 of the amended complaint, Miranda alleges, "On information and belief, Aegis owned and Wells Fargo Home Mortgage own plaintiff's loans." (R. 39-1, Am. Compl. ¶ 25.) Miranda's statement that Wells Fargo "own" her loans appears to be a typographical error. First, it is not grammatically correct. Second, its grouping with the statement that Aegis "owned" her loans suggests that she meant to write that Wells Fargo also "owned" her loans. Third, an assertion that Wells Fargo owns her loans would conflict with her statement in the next paragraph that Lehman Bros. "currently owns both of [her] loans." (*Id.* ¶ 26.) Thus, the Court interprets Miranda's statement in Paragraph 25 as a typographical error and finds that Miranda meant to allege that Wells Fargo "owned" her loans.

3

*Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). The Court will grant a motion to dismiss only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### 2. TILA

TILA assures that consumers seeking loans receive "a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and . . . protect[s] the consumer against inaccurate and unfair credit billing and credit card practices. 15 U.S.C. § 1601; *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927, 930 (7th Cir. 1998). TILA provides a borrower with the right to rescind any credit transaction in which the lender retains a security interest in the borrower's principal dwelling. 15 U.S.C. § 1635(a). The borrower has the right to rescind such a transaction until midnight of the third business day following the later of: the date of the transaction's consummation; or the date of the delivery of the information, rescission forms, and material disclosures required by TILA. *Id.* If the required information, rescission forms, or material disclosures are not delivered by the creditor, the right to rescind expires three years after the transaction's consummation. *Id.* § 1635(f).

A borrower may exercise the right to rescind by sending the lender notice that he or she intends to rescind the loan within the statutory time frame. *Id.* § 1635(a). Once the borrower sends a timely notice of rescission to the lender, any security interest given by the borrower becomes void and the lender must return any money paid by the borrower within twenty days. *Id.* § 1635(b); 12 C.F.R. § 226.23(d)(2).

Section 1640 sets forth the statutory damages that may be awarded under TILA, which include monetary damages equal to the amount of actual damage sustained by the borrower, *id.*

4

§ 1640(a)(1), and reimbursement of finance charges or a portion thereof, *id.* § 1640(a)(2)(A)(1), (a)(4). Additionally, when a borrower successfully brings an action to enforce his or her right to rescind, the borrower may receive costs and reasonable attorney's fees. *Id.* § 1640(a)(3). Section 1641 governs the liability of assignees for violations of TILA. Section 1641(a) sets forth the requirements for awarding statutory damages against an assignee and section 1641(c) sets forth the requirements for ordering rescission of a loan against an assignee.

### 3. Analysis

The Assignee Defendants' motions to dismiss contain two principal claims. First, they argue that they are not liable for statutory damages because Miranda did not allege a TILA violation apparent on the face of the loan documents as required for assignee liability. (R. 28, Aegis Mem. at 2; R. 45, Wells Fargo Mem. at 2.) Second, the Assignee Defendants argue that Miranda's claims for rescission should be dismissed because they are merely former assignees who no longer own the loans and therefore cannot execute the rescission pursuant to 15 U.S.C. § 1635. (R. 28, Aegis Mem. at 3; R. 45, Wells Fargo Mem. at 3.) We analyze each of these claims in turn.

We begin with the question of whether Miranda may seek statutory damages against the Assignee Defendants. As previously noted, a borrower may seek statutory damages against a creditor for violations of TILA under § 1640. Section 1641 sets forth the requirements for holding an assignee, such as the two Assignee Defendants, liable under TILA. Section 1641(a) provides in relevant part:

> Except as otherwise specifically provided in this [§ 1601 *et seq.*], any civil action for a violation of [§ 1601 *et seq.*] . . . may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary.

15 U.S.C. § 1641(a). Thus, an assignee cannot be held liable for statutory damages under § 1640

unless the violation of TILA is apparent on the face of the loan documents. *Id.*; *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 691 (7th Cir. 1998); *Briggs v. Provident Bank*, 349 F. Supp. 2d 1124, 1132 (N.D. Ill. 2004). As previously noted, the Assignee Defendants argue that Miranda's claims for statutory damages should be dismissed because Miranda has not asserted a violation of TILA that is apparent on the face of the loan documents. (R. 28, Aegis Mem. at 2; R. 45, Wells Fargo Mem. at 2.) Miranda responds in a footnote by stating that she "concedes that she may not recover statutory damages for the alleged TILA violation unless the violation is apparent on the face of the documents. Plaintiff has not alleged such a violation . . . ." (R. 35, Pl.'s Resp. at 5 n.1.) Based on the foregoing concession, we find that Miranda is no longer seeking statutory damages against the Assignee Defendants. We therefore grant the Assignee Defendants' motions to dismiss Miranda's claim for statutory damages against them because she admits that she has not met the requirements of § 1641(a).

We turn next to the Assignee Defendants' argument we should dismiss Miranda's claims against them for violating her right to rescind. The Assignee Defendants argue that § 1641(c) only applies to current assignees and that they should be dismissed from the suit because they are merely former assignees. (R. 36, Aegis Reply at 2). Section 1641(c) provides that "[a]ny consumer who has the right to rescind a transaction under § 1635 of this title may rescind [it] as against *any* assignee of the obligation." 15 U.S.C. § 1641(c) (emphasis added).[3] Thus, the

---

[3] Unlike a statutory damages claim against an assignee under § 1641(a), a rescission claim against an assignee under § 1641(c) may be brought even if there is no TILA violation apparent on the face of the loan documents. *See Briggs*, 349 F. Supp. 2d at 1129, 1133 (denying assignees' motion for summary judgment on the issue of rescission, but granting the motion on the issue of statutory damages because there was no violation apparent on the face of the loan documents); *Fairbanks Capital Corp v. Jenkins*, 225 F. Supp. 2d 910, 917 (N.D. Ill. 2002) (holding that § 1641(c) provides an exception to § 1641(a) because "a customer has the right to rescind against '*any* assignee of the obligation' . . . and not just against the more limited set of assignees described in § 1641(a) . . .") (emphasis in original). Thus, the dismissal of Miranda's claim for statutory damages against the Assignee Defendants does not affect her claim for rescission against them.

statute is not limited to "any current assignee" or "any present assignee." *Id.* Instead, § 1641(c) gives consumers the right to rescind against "any assignee," including former assignees such as the Assignee Defendants. (*See* R. 39-1, Am. Compl. ¶ 25.)

Further, the Assignee Defendants may be sued for rescission because they are or were servicers of Miranda's loans. Miranda alleges that Aegis previously accepted her loan payments and that Wells Fargo currently accepts her loan payments. (*Id.* ¶¶ 23-24.) A person who is responsible for receiving scheduled periodic loan payments, as Miranda alleges both of the Assignee Defendants were (R. 39-1, Am. Compl. ¶ 24), is defined as a "loan servicer" under TILA. 15 U.S.C. § 1641(f)(3); 12 U.S.C. § 2605(i)(2) (2000). Under § 1641(f), the "servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee . . . unless the servicer *is or was* the owner of the obligation." 15 U.S.C. § 1641(f) (emphasis added). Thus, a servicer who "was" the owner of the loan at one time, as Miranda alleges both of the Assignee Defendants were (R. 39-1, Am. Compl. ¶¶ 23-25), may be treated as an assignee under TILA.

We find the Assignee Defendants' argument that they should be dismissed because they lack the power to rescind Miranda's loans unpersuasive. (R. 28, Aegis Mem. at 3; R. 45, Wells Fargo Mem. at 3.) Miranda argues that she is entitled to recoup the payments she made to the Assignee Defendants if she prevails on her rescission claim. (R. 35, Pl.'s Resp. at 5). Under § 1635(b), a borrower who exercises the right to rescind is entitled to the return of any payments made on a loan. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(2). Thus, Miranda is entitled to the return of any payments made to the Assignee Defendants if she prevails in her suit to enforce her right to rescind. The Court finds that there is a question of fact as to whether the Assignee

Defendants received and have retained any such payments. If this factual question is construed in Miranda's favor she might be entitled to relief from the Assignee Defendants, precluding dismissal. *See* Fed. R. Civ. P. 12(b)(6).

The Court finds an additional reason that the Assignee Defendants should not be dismissed. At least three decisions have held that a current servicer, like Wells Fargo (R. 39-1, Am. Compl. ¶¶ 23-25), should not be dismissed from a suit for rescission because the servicer is a necessary defendant pursuant to Federal Rule of Civil Procedure 19(a). *Adams v. Nationscredit Fin. Servs.*, 351 F. Supp. 2d 829, 835 (N.D. Ill. 2004); *Hurd v. First NLC*, No. 04 C 1088, 2004 U.S. Dist. LEXIS 26557, at *3-5 (N.D. Ill. Oct. 1, 2004); *Hankins v. Equicredit Corp*, No. 03 C 6524, 2003 U.S. Dist. LEXIS 26195, at *3-4 (N.D. Ill. Dec. 2, 2003). These courts reasoned that dismissing the servicer could impair the borrower's ability to fully protect his or her interest in rescinding the loan because the servicer could improperly report to credit bureaus or foreclose on the loan. *Adams*, 351 F. Supp. 2d at 835; *Hankins*, No. 03 C 6524, 2003 U.S. Dist. LEXIS 26195, at *4. *Contra Walker v. Gateway Fin. Corp.*, 286 F. Supp. 2d 965, 969 (N.D. Ill. 2003) (dismissing a servicer as a defendant because when the suit for rescission is considered realistically the servicer's interest will automatically cease once rescission is completed). We agree with the *Adams*, *Hurd*, and *Hankins* approach and find that it would be premature to dismiss a current servicer such as Wells Fargo at this early stage of the litigation.

The *Adams*, *Hurd*, and *Hankins* rationale may be applied to assignees as well as loan servicers. With regard to both Assignee Defendants, Miranda argues that they may have included provisions for repurchase in their contracts for the sale of the loans. (R. 35, Pl.'s Mem. at 5.) Only through discovery can we ascertain whether such provisions exist. If so, the Assignee Defendants may have an interest in the loans that makes them necessary parties just as

8

a loan servicer is a necessary party. *See Adams*, 351 F. Supp. 2d at 835. Thus, construing all the allegations in the complaint in Miranda's favor, she may be entitled to relief against the Assignee Defendants. At the very least they may have an interest in the litigation that precludes dismissing them under Rule 19(a). Therefore, we deny the Assignee Defendants' motions to dismiss Miranda's claims for rescission against them.

## CONCLUSION

For the reasons set forth above, this Court grants the Assignee Defendants' motions to dismiss Miranda's claims for statutory damages against them and denies the Assignee Defendants' motions to dismiss Miranda's claims for rescission under Rule 12(b)(6).

The parties' attorneys are requested to reevaluate their settlement positions and confer prior to the next status hearing, which will be held in open court on November 29, 2006, at 9:45 a.m.

ENTERED

**Judge Ruben Castillo**
**United States District Court**

**DATED:** November 7, 2006